**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

BILLY JOE MUNSEY,

                Plaintiff,

v.                                            CIVIL ACTION NO.   3:21-0040

DOYLE SMITH and
NORTH AMERICAN SERVICES, INC.,
a New York corporation,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Motion for Summary Judgment. ECF No. 20. For the following reasons, the Court **DENIES** this Motion.

**BACKGROUND**

This case arises from an accident that occurred in the early morning of November 27, 2018, on State Route 25 in Putnam County, West Virginia. *Pl.'s Compl.*, ECF No. 1-1. The accident occurred on a stretch of the two-lane road on or near a bridge in close proximity to a feed store and trailer park. *Ex. B*, ECF No. 20-2, at 8. Plaintiff testified that the road was straight in this area. *Id.* at 6. He estimates the shoulder on the side of the roadway where the accident occurred to be around 1.5 to 2 feet wide. *Id.* at 5. At the time of the accident, Plaintiff was walking single file along the right side of this roadway (with traffic) along with three other pedestrians. *Ex. C*, ECF No. 23-3, at 7–8.

Defendant Smith is an employee of North American Industrial Services, Inc (NAIS) and was in the course and scope of his employment at the time of the accident. Smith was operating the

Case 3:21-cv-00040   Document 27   Filed 02/24/22   Page 2 of 8 PageID #: 234

vehicle traveling in the same direction that Plaintiff was walking. *See Ex. B*, ECF No. 20-2, at 8–9. Because of the time of day and year, it was still dark at the time of the accident. *Id.* at 3.

As Defendant Smith approached the pedestrians, he asserts that he swerved in an attempt to avoid hitting Plaintiff but was unable to do so. *Ex. E*, ECF No. 20-5, at 2. His statement to police indicated that Plaintiff walked into the roadway in front of his truck. *Id.* An eyewitness who was driving behind Smith at the time of the accident gave a statement to the police where she indicated that Plaintiff "stepped further onto the road just as truck swerved to try and miss him." *Ex. F*, ECF No. 20-6, at 2. Her deposition testimony supports her statement. *Ex. K*, ECF No. 20-11, at 3. The fellow pedestrian eyewitnesses were unable to testify to Plaintiff's exact position/location at the time of the impact. *See Ex. G*, ECF No. 20-7, at 6–7; *see Ex. C*, ECF No. 20-3, at 3. Plaintiff claims he was on the right side of the white line, next to the guardrail—not in the roadway. *Ex. B*, ECF No. 20-2, at 8.

Plaintiff did not see Defendant Smith's vehicle prior to the collision, as his back was turned to the traffic traveling in the same directions as he was walking. *Id.* at 9. The speed limit on this area of Route 25 is 45 miles an hour, *id.* at 10, and Smith was traveling approximately 40.4 miles per hour immediately prior to impact. *Ex. J*, ECF No. 20-10.

The Putnam County Sherriff's Department investigated the incident and issued no violations or citation to Defendant Smith. *Ex. D*, ECF No. 4. The Department concluded that he did not commit any actions that contributed to or caused the accident. *Id.* at 7.

Plaintiff filed this action in the Circuit Court of Putnam County, West Virginia on November 12, 2020, and Defendant removed the action to this Court on January 15, 2021. ECF No. 1. Plaintiff alleges negligence against Defendant Smith, claiming that he breached his duty to operate a motor vehicle "in a reasonably prudent manner as to prevent colliding with pedestrians."

-2-

*Pl.'s Compl.*, ECF No. 1-1 ¶ 9. Plaintiff also asserts that NAIS is vicariously liable for Defendant Smith's actions because Defendant Smith was driving the vehicle in the course and scope of his employment with NAIS at the time of the accident. *Id.* ¶¶ 11–12.

### STANDARD OF REVIEW

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

### DISCUSSION

Defendants argue that there is no genuine issue of material fact as to whether Defendant Smith was negligently operating his vehicle at the time of the accident, and therefore, there is no basis for Plaintiff's claims. Defendants further argue that, even if there is a genuine issue of

material fact, Defendants are entitled to summary judgment because of Plaintiff's comparative

negligence. The Court will address each of Defendant's arguments.

1.  Plaintiff's *prima facie* case of negligence

A federal court sitting in diversity must apply state substantive law. *Gasperini v. Ctr. for

Humanities, Inc.*, 518 U.S. 415, 427 (1996). In a negligence action, the plaintiff must prove four

elements by a preponderance of the evidence: duty, breach of duty, causation, and damages. *See

Carter v. Monsanto Co.*, 575 S.E.2d 342, 347 (W. Va. 2002); *see Wheeling Park Comm'n v.

Dattoli*, 787 S.E.2d 546, 551 (W. Va.   2016). There can be no showing of negligence without a

duty broken. *Dattoli*, 787 S.E.2d at 551.

Defendant Smith had a duty to drive with due care to avoid colliding with pedestrians. W.

VA. CODE § 17C-10-4; *Walker v. Bedwinek*, 170 S.E. 908, 909 (W. Va. Sept. 26, 1933). Drivers

must also warn pedestrians on the roadway by sounding their horn when necessary. W. VA. CODE

§ 17C-10-4. In West Virginia, a violation of a statute is *prima facie* negligence. *Spurlin v. Nardo*,

114 S.E.2d 913, 918 (W. Va. 1960); Syl. pt. 4, *Marcus v. Staubs*, 736 S.E.2d 360 (W. Va. 2012);

*Barker v. Meador*, No. 3:20-0233, 2021 WL 849231, at *3 n.1 (S.D.W. Va. Mar. 5, 2021). "In

order to be actionable, such violation must be the proximate cause of the plaintiff's injury." *Staubs*,

736 S.E.2d at 368 (quoting Syl. Pt. 1, *Anderson v. Moulder*, 394 S.E.2d 61(1990)).

Defendants assert several arguments to support the position that Defendant Smith was not

negligent in the operation of the vehicle at the time of the accident. Defendants point to GPS data

from Defendant Smith's vehicle showing that he was driving 40.4 miles an hour immediately

before the collision to demonstrate an absence of negligence, as the speed limit along the stretch of

roadway where the accident occurred is 45 miles an hour. *Ex. J*, ECF No. 20-10. Further, the police

report for this accident indicated that there were no actions of the driver that contributed to the

crash. *Ex. D*, ECF No. 20-4, at 7. Defendants also assert that there is no evidence to suggest that he was driving too fast for the conditions at the time of the accident.

Additionally, Defendants argue that there is no testimony or evidence that Defendant Smith was driving distractedly. No evidence shows that he was using a cell phone or was otherwise distracted. Meanwhile, his written statement indicates that he actively attempted to avoid hitting Plaintiff. *Ex. E*, ECF No. 20-5, at 2.

There is disagreement as to Plaintiff's position relative to the roadway at the time of the accident. Defendant Smith claims that Plaintiff stepped into the roadway at the time of the accident, while Plaintiff asserts that he was to the right of the white line on the side of the roadway by the guardrail. Defendants argue that the conflicting testimony is immaterial, as there is no evidence to suggest that Defendant Smith's vehicle ever left the roadway. Further Defendants claim that, even if Plaintiff was walking along the guardrail on the right side of the white line, a part of his body would have been on the roadway, as the shoulder on the road at the location of the accident was a mere 1.5 to 2 feet wide. A fellow pedestrian admits that they were walking in the roadway, and that a vehicle would have to move over to avoid hitting him. *See Ex. G*, ECF No 20-7, at 3–4.

Plaintiff rebuts the assertion that there are no material issues of fact. First, Plaintiff claims that Defendant Smith did not sound his horn in violation of West Virginia law, thus establishing a *prima facie* case of negligence. However, Defendant claims that there is no evidence in the record on the issue of whether Defendant Smith sounded his horn or not. This is an issue of fact.

Plaintiff also argues that it is a jury issue as to whether Defendant Smith kept a proper look out for Plaintiff as is required by West Virginia law, as there is no evidence indicating that Smith's vision was obstructed; thus, if he was paying attention, he should have seen the pedestrians and

slowed/moved out of the way. Notably, the driver behind Defendant Smith saw the pedestrians in her headlights. *Ex. K*, ECF No. 20-11, at 3. This eyewitness's testimony indicates that the first time she saw Defendant Smith brake was the point at which she presumed contact had occurred with Plaintiff, and that she did not remember that there was any oncoming traffic.[1] *Ex. B*, ECF No. 23-2, at 2, 3. It is unexplained as to whether Defendant Smith saw the pedestrians, why he did not break sooner, or why he did not swerve further into the left lane if there was no oncoming traffic.

While Defendants argue that the mere fact of an accident alone does not equate to an issue of material fact as to whether Defendant Smith kept a proper look out for pedestrians, it appears to this Court that there are material issues of fact with respect to whether he was driving carefully given the narrow roadway and the darkness of the time of day. There is no evidence in the record indicating that his vision was obstructed or that he could not see the pedestrians in the road, especially given that the driver behind him recalls seeing Plaintiff and the other pedestrians. There is also dispute as to Plaintiff's positioning—whether he was in the roadway or on the right side of the white line. And even though Defendant Smith was driving under the speed limit, this does not necessarily mean that he was not negligent in driving 40.4 miles per hour given the narrowness of the road and the time of day. These are issues of fact for the jury to decide.

2. Plaintiff's comparative negligence

Defendants assert that Plaintiff is barred from recovery because of his comparative negligence. Under West Virginia law, a plaintiff cannot recover if his fault is greater than the combined fault of all other persons or entities that are allegedly responsible for the plaintiff's injuries. W. VA. CODE § 55-7-13c(c). West Virginia Code section 17C-10-6 requires that pedestrians "shall when practicable walk only on the left side of the roadway or its shoulder facing

---

[1] Again, this witness also indicated that she saw Plaintiff step over the white line and into the roadway. *Ex. F*, ECF No. 20-6, at 2. Plaintiff's position at the time of the accident appears to be a contested issue of fact.

traffic which may approach from the opposite direction." W. VA. CODE § 17C-10-6. However, a

pedestrian's violation of the statute does not necessarily preclude recovery. *Kretzer v. Moses*

*Pontiac Sales, Inc.*, 201 S.E.2d 275, 280 (W. Va. 1973). In order "to preclude recovery it must be

the natural and proximate cause of the injury, and such cases are usually questions for jury

determination." *Id.*

There are no sidewalks on State Route 25 and Plaintiff was walking on the right side of the

road at the time of the accident. Defendants argue that there is no evidence showing that walking

on the left side of the road was not practical. This violation of the law, Defendants assert, was the

proximate cause of Plaintiff's injuries. Defendant further supports this argument by pointing to the

testimony of the driver behind Defendant Smith, who notes that, while Defendant Smith attempted

to swerve out of the way of Plaintiff, Plaintiff stepped further onto the roadway. *Ex. K*, ECF No.

20-11. Additionally, Defendant claims that Plaintiff was negligent by looking down at the ground

instead of looking for vehicles.

Defendants cite to *Jackson v. Cockill* to support the argument that Plaintiff's own

negligence caused the accident. 138 S.E.2d 710 (W. Va. 1964). In *Jackson*, the pedestrian walked

with his head down across a highway. *Id.* at 713–14. The *Jackson* court explained that "[i]t is a

duty of a pedestrian to use his eyes and protect himself against impending danger." *Id.* at 714.

Further, the court noted that the pedestrian had not looked properly before crossing the street and

that he put himself in reckless disregard for his own safety. *Id.* But there are significant differences

between *Jackson* and this case. Most notably, that the *Jackson* pedestrian was actively crossing a

street without looking, whereas Plaintiff here testifies that he was walking on the shoulder of the

road, to the right of the white line by the guardrail—not attempting to cross the road or enter the

roadway in any way. Despite the fact that Plaintiff notes that he was looking at the ground at the

time of the accident, *Ex. B*, ECF No 20-2, at 11, he asserts that he was on the side of the road, thus, not in the roadway, unlike the *Jackson* pedestrian. At this stage, the Court cannot rely on *Jackson* to find that Plaintiff was comparatively negligent and preclude recovery.

Plaintiff acknowledges the requirements of West Virginia Code section 17C-10-6, but argues that the practicability of walking on the left side of the road is question for the jury. Plaintiff indicates that there were large trucks driving on the left side of the road, so he thought walking on the right side of the road was safer. *Pl.'s Dep.*, ECF No. 20-2, at 12; *Harmon Dep.*, ECF No. 23-4, at 2 ("[I]t'd be safer to walk towards this way because you got more room, but if you walk towards the oncoming traffic you literally have no room to walk at all. And so we took the other side where you had more room to walk."). This question of practicability is one for the jury.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion for Summary Judgment. ECF No. 20.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        February 24, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE